People v Hairston (2018 NY Slip Op 08688)





People v Hairston


2018 NY Slip Op 08688


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-09720
 (Ind. No. 15-00908)

[*1]The People of the State of New York, respondent,
v
Eryc Hairston, appellant.


Douglas J. Martino, Rye Brook, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered August 30, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was walking on a street in Yonkers with a gun in his pocket when he encountered Kennedy Gonzalez and Gonzalez's friend. According to the friend's trial testimony, the defendant first approached them asking for a cigarette or "weed." When they told him they had neither, he walked past them on the street, turned around, pulled out the gun, and told them to empty their pockets. Gonzalez tried to swat the gun away, and the defendant shot Gonzalez twice in the torso and ran away. Gonzalez later died at the hospital.
At trial, the defendant testified that he asked Gonzalez and the friend for a light, and that the friend was verbally aggressive toward him. After the defendant passed the pair on the street, he heard clicking or snapping sounds behind him and turned around. He testified that the friend was again verbally aggressive, and after they all walked on a little further, the friend threatened him with what looked like a knife. The defendant testified that he did not know that his gun was loaded or operable, but that he pulled it out to scare the pair away. He testified that when he raised his arm to shield himself from the friend's advances, he and the friend made contact, and the gun accidentally went off. The defendant testified that his eyes were closed during the physical encounter with the friend. The defendant admitted that after the gun went off, he immediately ran away and disposed of the gun. He also admitted that when he learned that he had killed Gonzalez, he went into hiding.
The defendant was charged in an indictment with, among other things, three murder counts: one count of murder in the first degree and one count of murder in the second degree (felony murder)—both of which were based on the defendant's attempted robbery of the two men—and one count of murder in the second degree (intentional murder). During deliberations, the jury requested clarification of the term "in furtherance of" with regard to the two murder counts that were premised on the attempted robbery. In response, the County Court read the relevant portion of the jury charge explaining the meaning of that term. The jury acquitted the defendant of both of those murder [*2]counts, but it convicted him of the count charging murder in the second degree (intentional murder). The defendant appeals, arguing that the conviction was against the weight of the evidence, that the court committed reversible error in clarifying the term "in furtherance of" for the jury, and that his sentence was excessive.
Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see CPL 470.15[5]). The issue of justification presented a question of credibility that the jury resolved in favor of the People (see People v Jackson, 293 AD2d 488, 488; People v O'Brien, 270 AD2d 433; People v Henry, 244 AD2d 424). We discern no basis to disturb the jury's resolution of this credibility issue and rejection of the justification defense.
The defendant's argument regarding the County Court's clarification of the term "in furtherance of" is academic, since he was acquitted of the two murder counts predicated on an attempted robbery (see People v Moore, 35 AD3d 291).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court